Ruben Salas REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–03–00005–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 29, 2003.

Adam L. Kobs, San Antonio, for appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Ruben Salas Reyes ("Reyes") was charged with the offense of failing to register as a sex offender. In his sole issue on appeal, Reyes argues that the Sex Offender Registration Statute is void and the trial court erred in refusing to dismiss his indictment with prejudice. We affirm the trial court's judgment.

### BACKGROUND

Reyes pled guilty to the offense of rape of a child. After serving a portion of his six year sentence, Reyes was released on November 15, 2000. Reyes signed a pre-release notification form stating he had to register as a sex offender wherever he decided to reside. He noted on the form that he was signing it under duress. Reyes moved to Acuna, Mexico, where he lived for over one month before moving back to San Antonio in January 2001. Be-

cause Reyes was residing in San Antonio [1] and had failed to register as a sex offender with any law enforcement agency, officers from the Texas Department of Public Safety arrested Reyes on March 22, 2002.

On June 26, 2002, Reyes was indicted for failing to register as a sex offender in violation of article 62.10 of the Texas Code of Criminal Procedure. Prior to trial, Reyes filed a Motion to Set Aside and Dismiss with Prejudice the Indictment. In his motion, Reyes argued that the indictment was defective because the statutory registration was unconstitutional as an ex post facto law and was void for vagueness. The trial court denied Reyes's motion. Reyes pled nolo contendere pursuant to a plea bargain with the State. He was sentenced to two years confinement and assessed a fine of $1000. Reyes timely appealed.

### DISCUSSION

Reyes claims that his indictment is defective because his underlying offense of rape of a child is not listed in the Sex Offender Registration Statute (the "statute") as a reportable conviction or adjudication. Reyes further claims that the statute is void for vagueness because it does not inform those who are subject to it what conduct on their part will subject them to its penalties. The State responds that the statute is not unconstitutionally vague because the now-repealed offense of rape of a child is a statutory predecessor to the modern-day offense of sexual assault, which is a reportable conviction or adjudication. We agree with the State.

■■■ A statute is void for vagueness if it: (1) fails to give a person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden by statute,

and (2) encourages arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Bynum v. State*, 767 S.W.2d 769, 773 (Tex. Crim.App.1989); *Ex parte Mercado*, No. 14–02–00750–CR, 2003 WL 1738452, at *6 (Tex.App.-Houston [14th Dist.] April 3, 2003, no pet.). Unless the defendant's First Amendment Rights are implicated, the burden is placed on the defendant "to show that in its operation the statute is unconstitutional to him in his situation; that it may be unconstitutional to others is not sufficient." *Bynum*, 767 S.W.2d at 774; *Ex parte Mercado*, 2003 WL 1738452, at *6. Because sex offenders do not have a First Amendment right to live without disclosing their offenses or disclosing their geographic location to law enforcement authorities, "we need only determine whether the statute is unconstitutionally vague as applied to the appellant's conduct." *Bynum*, 767 S.W.2d at 774; *Ex parte Mercado*, 2003 WL 1738452, at *7; *DeWillis v. State*, 951 S.W.2d 212, 214 (Tex.App.-Houston [14th Dist.] 1997, no pet.).

■ In interpreting a statute, we try to effectuate the collective intent of the legislators who enacted the legislation and we will uphold a statute if we can determine a reasonable construction. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991); *Turner v. State*, 101 S.W.3d 750, 757 (Tex. App.-Houston [1st Dist.] 2003, no pet.). We interpret a statute in accordance with the plain meaning of its words unless the words are ambiguous or the plain meaning leads to an absurd result. *See Mosley v. State*, 983 S.W.2d 249, 256 (Tex.Crim.App. 1998); *Boykin*, 818 S.W.2d at 785; *Turner*, 101 S.W.3d at 757. " '[T]he legislature's

---

**1.** Reyes stated in his motion to set aside the indictment that he was homeless. The investigating officer, Sergeant Arnaldo Ramos, however, discovered Reyes renewed his license on January 23, 2001and listed a San Antonio address as his residence.

goal in passing the registration and notification provisions was to advance public safety objectives by facilitating law enforcement's monitoring of sex offenders and by alerting members of the public who may be in an especially vulnerable situation to take appropriate precautions which could deter or prevent further crimes.'" *Turner,* 101 S.W.3d at 757 (quoting *In re M.A.H.,* 20 S.W.3d 860, 863 (Tex.App.-Fort Worth 2000, no pet.)). The legislature continued with these goals when it amended the statute in 1997 to expand the class of persons required to register as sex offenders and to increase the frequency and duration of registration for those sex offenders who have been convicted of sexually violent offenses. *Id; see also* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, arts. 62.06, 62.12, 1997 Tex. Gen. Laws 2253, 2258–59, 2261.

■ We first address the first prong of Reyes's vagueness challenge and determine whether Reyes's offense of rape of a child is a reportable conviction or adjudication that would give him fair notice that he was required to register as a sex offender. Article 62.02(a) provides that "[a] person who has a *reportable conviction or adjudication* or who is required to register as a condition of parole, release to mandatory supervision, or community supervision shall register ... with the local law enforcement authority." TEX.CODE CRIM. PROC. ANN. art. 62.02(a) (Vernon Supp.2003) (emphasis added). Article 62.01(5) provides a lengthy list of what constitutes a "reportable conviction of adjudication," including a conviction for a sexual assault or aggravated sexual assault. TEX.CODE CRIM. PROC. ANN. art. 62.01(5) (Vernon Supp. 2003). The offense of rape of a child, however, is not specifically listed under article 62.01(5) as a reportable conviction or adjudication. The reason for this exclusion can be explained by looking at the

legislative history of the modern-day offenses of sexual assault and aggravated sexual assault.

In 1983, the Legislature repealed the statutes defining the offenses of rape, aggravated rape, rape of a child, sexual abuse, and aggravated sexual abuse. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 12, 1983 Tex. Gen. Laws 5311, 5321; *Turner,* 101 S.W.3d at 758. Simultaneously, the Legislature reclassified these offenses as the modern-day offenses of sexual assault and aggravated sexual assault. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312–15; *see Wisdom v. State,* 708 S.W.2d 840, 843 (Tex.Crim.App.1986); *Turner,* 101 S.W.3d at 758. The now-repealed Penal Code provisions, including the offense of rape of a child, are undeniably the statutory predecessors of the modern-day offenses of sexual assault and aggravated sexual assault; however, article 62.01(5) does not list them as reportable convictions or adjudications. *Turner,* 101 S.W.3d at 758; *Phelps v. State,* 5 S.W.3d 788, 795 (Tex.App.-San Antonio 1999, pet. ref'd). Reyes, therefore, argues that a plain reading of the provision supports his contention that the offense of rape of a child in not a reportable conviction. Giving effect to the plain language of articles 62.02(a) and 62.01(5), however, "would lead to the absurd consequence of excluding these former offenses from being [reportable convictions or adjudications]." *See id.* Given the purpose of the statute and the 1997 amendments, the Legislature could not have intended to exclude the now-repealed offenses of rape of a child, rape, aggravated rape, sexual abuse, and aggravated sexual abuse from the list of reportable convictions or adjudications. *Id.* The statute applies to any sex offender who obtained a reportable conviction or adjudication occurring on or after September 1, 1970. TEX.CODE CRIM. PROC. ANN. art. 62.11

(Vernon Supp.2003); *Turner*, 101 S.W.3d at 758. The modern-day offenses listed in 62.01(5) as a reportable conviction or adjudication, however, did not exist in their current statutory form in 1970; the legislature created them in 1983. *Turner*, 101 S.W.3d at 758. Because the statute's application predates the modern-day offenses enumerated in 62.01(5), "by implication, the Legislature intended to include predecessor statutes in the definition of [reportable convictions or adjudications]." *See id.*

Based on the above discussion, we conclude that an offense defined in a predecessor statute of those offenses listed in article 62.01(5), including rape of a child, is also a reportable conviction or adjudication for purposes of article 62.02(a) and 62.10. The fair notice requirement, therefore, is satisfied. In addition, Reyes had fair warning that his offense required him to register as a sex offender when he signed the pre-release notification form.

■ Looking to the second prong of the vagueness challenge, we conclude that the statute does not permit arbitrary or discriminatory enforcement. The statute sufficiently details the prohibited conduct to the extent that the enforcement of the statute would not be relegated to subjective interpretation. *See Bynum*, 767 S.W.2d at 775; *Ex parte Mercado*, 2003 WL 1738452, at *8–9 (holding the sex offender registration statute does not encourage arbitrary and erratic arrests and convictions). Therefore, we hold the statute is not unconstitutionally vague, and the trial court did not err in denying Reyes's motion to set aside the indictment. Accordingly, we affirm the judgment of the trial court.