Opinion issued March 18, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01352-CR




 MARK HOWARD PRIEST, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
 Harris County, Texas
Trial Court Cause No. 915480




MEMORANDUM OPINION

          A jury convicted appellant, Mark Howard Priest, of burglary of a habitation
with intent to commit theft. See Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003). 
After finding true two enhancement paragraphs alleging prior convictions for
burglary and robbery, the jury assessed appellant’s punishment at confinement for 60
years. 
          We determine (1) whether the trial court erred by denying appellant’s motion
for a directed verdict, (2) whether the evidence is legally sufficient to support
appellant’s conviction, and (3) whether the evidence is factually sufficient to support
appellant’s conviction. We affirm.
Facts
           On June 18, 2002, at approximately 7:00 p.m., the complainant, Randy
Starnes, was sitting in his backyard with his wife and mother-in-law, when he noticed
a shadow moving across the back of his house. Starnes saw the movement because
there was a large picture window at the back of the house from which the inside of
the house was visible. Upon entering the house from the back door, Starnes observed
that the front door was open. After walking into the living room, Starnes saw
appellant coming out of Starnes’s office, which was at the front of the house. Starnes
and appellant looked at each other for a few seconds, and appellant did not answer
when Starnes asked him what he was doing in the house. Appellant ran out of the
house, and Starnes ran out after him. After chasing appellant down the street, Starnes
momentarily lost sight of appellant. Two women who were driving by noticed the
two men running and stopped their car to ask Starnes what was wrong. Starnes told
them that the man whom he was chasing had intruded into his home, and Starnes
asked them to call the police. The two women backed up their car and saw appellant
run down into a culvert. Soon thereafter, the police arrived, brought appellant out of
the culvert, and arrested him. When Starnes returned home, he discovered that the
top right desk drawer in his office was open and that the five dollars that he kept in
that drawer every week for his step-son’s allowance was missing. Standard of Review
          The standard of review for legal sufficiency is to view the evidence in the light
most favorable to the conviction and to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim App. 2000). The standard of review for
factual sufficiency is whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak, or so
contrary to the overwhelming preponderance of the evidence, as to undermine
confidence in the jury’s determination of guilt. King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000). 
Motion for Directed Verdict
          In his first point of error, appellant contends that the trial court erred in denying
his motion for a directed verdict because the evidence was insufficient to support his
conviction as a matter of law. We construe a point of error asserting that the trial
court erred in denying a motion for a directed verdict as a challenge to the legal
sufficiency of the evidence. See Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim.
App. 1996); Turner v. State, 101 S.W.3d 750, 761 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d). Because appellant challenges the legal sufficiency of the evidence
in his second point of error, we will consider points of error one and two together.
Legal Sufficiency
          In his second point of error, appellant contends that the evidence is legally
insufficient to show that he committed burglary. A person commits burglary if,
without the owner’s consent, he enters a habitation with intent to commit a theft. See
Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003). Appellant does not dispute the
fact that he was in Starnes’s house without his consent, but appellant asserts that the
State failed, as a matter of law, to prove that he had intended to commit theft.
          Starnes testified that (1) he saw appellant coming out of the office, (2) the top
right desk drawer in the office was open when he returned home from having chased
appellant, (3) he always left five dollars in that drawer, and (4) the five dollars was
not in the open drawer. The evidence also showed that appellant did not answer
Starnes when he asked appellant what he was doing in the house and that appellant
ran out of the house. Although the police never found the five dollars in question, the
jury was free to infer appellant’s intent to commit theft from his having entered the
house without permission, his having been in the office in which a desk drawer
containing five dollars had been opened, his refusing to answer Starnes’s question, 
his running from the house, and his hiding in a culvert. See McGee v. State, 774
S.W.2d 229, 234 (Tex. Crim. App. 1989) (emphasizing that intent to steal “may be
inferred from the actions or conduct of appellant.”). Viewed in the light most
favorable to the verdict, we hold that a rational juror could have found all the
essential elements of the crime beyond a reasonable doubt.
          We overrule appellant’s first and second points of error. 
Factual Sufficiency
          In his third point of error, appellant asserts that the evidence was factually
insufficient to show that he committed burglary. 
          Appellant contends that the evidence is factually insufficient because of
conflicts in the testimony of Starnes, a police officer, and another witness. First,
appellant points to the officer’s testimony that Starnes told him that he had originally
thought it was Starnes’s stepson inside the house. Second, the officer testified that
Starnes told him that he had seen someone going through his office desk. Finally, the
officer testified that there were at least two desk drawers open when he returned to
Starnes’s house. However, Starnes testified that he never told the officer that he
thought the person in his house was his stepson because his stepson was not home. 
Starnes also denied making the statement that he had seen someone going through his
office desk. Starnes further stated that only one of the desk drawers was open.
          In addition, appellant asserts that Ms. Hernandez, the driver of the car who
stopped Starnes to see what was wrong, testified that Starnes told her that he was
chasing a burglar, even though he testified that he did not notice the missing money
until after the police had detained appellant. The officer also received a call that there
was a burglary in progress. Appellant argues that these statements are so
contradictory that Starnes’s testimony is unreliable and factually insufficient to
support appellant’s conviction. We disagree.
          It is well settled that the jury is the sole judge of the weight and credibility of
witness testimony. Johnson, 23 S.W.3d at 7. Consequently, the jury was entitled to
believe Starnes’s testimony as to what he saw at his house and to disbelieve the
testimony of the officer or any other witness. See Harmond v. State, 960 S.W.2d 404,
407 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (noting that jury is permitted to
weigh credibility of witnesses and disbelieve evidence as it sees fit). Accordingly,
we hold that the evidence was not so weak or so overwhelmingly in favor of appellant
that the jury’s verdict was manifestly wrong and unjust.
          We overrule appellant’s third point of error. 
Conclusion
          We affirm the judgment of the trial court.



                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. See Tex. R. App. P. 47.2(b).