Opinion issued December 23, 2004.










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01138-CR




ROBERT DALE WARE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 904100




MEMORANDUM OPINION
 
          Appellant, Robert Dale Ware, waived a jury trial and entered a plea of not
guilty for failure to register as a sex offender as required under the Texas Code of
Criminal Procedure. The trial court found appellant guilty and sentenced him to five
years’ confinement in the Texas Department of Criminal Justice-Institutional
Division.
           Appellant’s appointed counsel filed a brief stating that, in his opinion, the
appeal is frivolous. The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and stating why there are no arguable grounds for error on appeal. See Gainous v.
State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant filed a pro se brief.
          In his first issue, appellant asserts that the trial court erred in sentencing him
because the charged offense should be punishable as a state jail felony rather than a 
third degree felony. In his last two issues, appellant contends that the indictment is
defective because the Sex Offender Registration statute, upon which the indictment
is based, is unconstitutionally vague. We hold that appellant has raised no arguable
grounds for appeal.
Factual and Procedural Background
          Appellant was charged with failure to comply with the sexual registration
requirements under Chapter 62 of the Texas Code of Criminal Procedure. The
indictment alleged that the underlying sexual crime was for a conviction for rape that
occurred on December 7, 1978, for which appellant was sentenced to 20 years’
confinement in the Texas Department of Criminal Justice-Institutional Division. 
          At trial, Houston Police Department (“HPD”) Sergeant Gregg Kuschel testified
that appellant registered with the HPD Sex Crimes Division on January 22, 2001. 
Kuschel testified that, during his initital registration, appellant signed an “Adult Sex
Offender Registration Acknowledgment Form.” This form reflected appellant’s
lifetime registration and annual reporting requirements. The form also listed nine
potential offenses that could trigger lifetime registration, and the offense of “Sexual
Assault” was underlined. Appellant initialed each section and indicated that he
understood his responsibilities. Kuschel further testified that, since appellant’s initial
registration, appellant never returned to verify his registration or made any attempt
to contact the Sex Crimes Division.
          Because he failed to verify his information with the Sex Crimes Division,
appellant was charged with failure to comply with the Sex Offender Registration
statute. The trial court denied appellant’s Motion to Set Aside the Indictment and
held that the offense of rape (Texas Penal Code section 21.02, since repealed) is now
encompassed under Texas Penal Code section 21.011, Sexual Assault, and can be
considered a sexually violent offense under the Sex Offender Registration statute.
Punishment Range
          In his first issue, appellant asserts that he has been denied equal protection
under the law because the trial court considered the charged offense as a third degree
felony, rather than a state jail felony. Specifically, appellant argues that the trial court
should have assessed his punishment within the range for a state jail felony instead
of a third degree felony, because “rape” is not specifically listed as a “sexually violent
offense” under article 62.01(6) of the Texas Code of Criminal Procedure. We
disagree.
          Under the current Sex Offender Registration Program (“SORP”), a person who
has been convicted of a sexually violent offense should “report to local law
enforcement authority . . . once each year not earlier than the 30th day before and not
later than the 30th day after the anniversary of the person’s date of birth to verify the
information in the registration form maintained by the authority for that person. Tex.
Code Crim. Proc. Ann. art. 62.06(a) (Vernon Supp. 2005). Failure to comply with
the registration requirements is a state jail felony if a person’s duty to register is based
on an adjudication of delinquent conduct or on a conviction or on an order of deferred
adjudication. Tex. Code Crim. Proc. Ann. art. 62.10 (b)(1) (Vernon Supp. 2005). 
The violation becomes a third degree felony if the sex offender has one conviction for
a sexually violent offense and is required to verify registration once each year. Id. art.
62.10 (b)(2). Accordingly, the issue of whether appellant’s failure to comply with the
SORP should be considered a state jail felony or a third degree felony depends on
whether appellant’s underlying rape conviction can be considered a sexually violent
offense. 
          The Code of Criminal Procedure provides in part, “ ‘Sexually violent offense’
means any of the following offenses committed by a person 17 years or older: (A) an
offense under Section 22.11(a)(1) (Indecency with a child), 22.011 (Sexual assault),
or 22.021 (Aggravated sexual assault) . . . .” Tex. Code Crim. Proc. Ann. art.
62.01(6)(A) (Vernon Supp. 2005). The former “rape” statute, under former Texas
Penal Code section 21.02, was replaced by the sexual assault and aggravated sexual
assault statutes. See Tex. Pen. Code §§22.011 & 22.021 (Vernon Supp. 2005). 
These sexual assault statutes encompass the conduct previously included in the rape
and aggravated rape statutes. Because the former offenses of rape and aggravated
rape are the statutory predecessors to sexual assault and aggravated sexual assault and
because sexual assault and aggravated sexual assault are classified as “sexually
violent offenses,” appellant’s rape conviction can be considered a sexually violent
offense under article 62.01(6) of the Texas Code of Criminal Procedure. 
          Furthermore, this Court has held that the legislature intended the predecessor
statues of those offenses listed in article 62.01(6) to be considered sexually violent
offenses. See Turner v. State, 101 S.W. 3d 750, 757 (Tex. App.— Houston [1st Dist.]
2003, pet. ref’d) (holding an offense defined in a predecessor statute of those offenses
listed in subarticle 62.01(6) is also a sexually violent offense for purposes of the sex
offender registration act). Accordingly, because the former “rape” statute is a
predecessor statute to sexual assault, which is a sexually violent offense, and because
sexual assault is punishable as a third degree felony, the trial court properly assessed
appellant’s punishment within the range of a third degree felony.
          We conclude that there is no merit to appellant’s first issue.
Defective Indictment 
          In his last two issues, appellant contends that, because the indictment was
based on the vague and uncertain language of the Sex Offender Registration statute,
the trial court abused its discretion in failing to grant appellant’s Motion to Set Aside
the Indictment. In a supplemental reply brief, appellant also claims that the Sex
Offender Registration statute is unconstitutionally vague because it fails to provide
adequate notice of the proscribed criminal conduct, thereby violating the Fourteenth
Amendment of the United States Constitution.          To preserve error on appeal, the record must show that appellant made a timely
request, objection, or motion. See Tex. R. App. P. 33.1(a)(1). An attack on a statute’s
constitutionality may be waived if the proper request, objection, or motion is not
asserted in the trial court. See Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App.
1995); see also Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.]
1997, pet. ref’d) (noting that almost every constitutional and statutory right may be
waived by failing to object in the trial court). The failure to make a specific objection
at trial waives a party’s complaint on appeal. See Curry, 910 S.W.2d at 496.
          In this case, there is no evidence in the record that appellant specifically
objected at trial to the fact that the statute was vague thus violating the Fourteenth
Amendment. Because he failed to make this constitutional challenge in the trial
court, appellant has not preserved this issue for appellate review. See Tex. R. App.
P. 33.1(a)(1).
          We conclude that there is no merit to appellant’s last two issues. 
Conclusion
          After reviewing appellant’s pro se responses and conducting an independent
examination of the appellate record, we conclude that there are no arguable grounds
for appeal. Accordingly, we affirm the judgment of the trial court and grant appellate
counsel’s motion to withdraw. See Moore v. State, 466 S.W.2d 289, 291 (Tex. Crim.
App. 1971); Stephens v. State, 35 S.W.3d 770,771 (Tex. App.—Houston [1st Dist.]
2000, no pet.).
 
                                                             
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.