NO. 07-05-0289-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 11, 2007
_____

JERRY L. SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-406817; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jerry L. Smith appeals his conviction for the felony offense of possession of a controlled substance and punishment, enhanced by a prior conviction, of twenty years confinement. We will affirm.

Most of the relevant facts are undisputed. When Shallowater police officer Craig Williams attempted to stop a vehicle for erratic driving about 1 a.m., the driver fled, leading to a pursuit which ended when the vehicle left the road and came to rest in a dry lake bed. Williams saw only one occupant in the car and it was empty when he reached it after the

accident. Deputy sheriff Jason Johnson responded to the event and used a police dog to locate the driver. When led to the car, the dog initially indicated the presence of drugs in the car. The dog soon located appellant lying in the grass a distance away from the car. Officer Williams accompanied appellant to a hospital. At trial, Williams related appellant asked the following questions while he was waiting for tests to be performed: "Did you get all the drugs out of my car?" and "Did you even get the ones out of the console and the trunk?"[1]

Shortly after these questions, Deputy Johnson called Williams to report finding cocaine in the center console of the passenger compartment. No drugs were found in the trunk. Subsequent testing showed the substance found contained cocaine and weighed 1.21 grams. Appellant was indicted for possession of one to four grams of cocaine, less than one gram of methamphetamine,[2] and evading arrest. The indictment also alleged two prior felony convictions. At trial the jury was charged only on the possession of cocaine count. It found him guilty and assessed punishment at twenty years confinement. Appellant presents three points by which he challenges the legal and factual sufficiency of the evidence and the State's failure to disclose evidence.

The briefs correctly state the standards by which we must review challenges to the legal and factual sufficiency of the evidence. *See Jackson v. Virginia*, 443 U.S. 307, 99

---

[1] Appellant's final comment was: "Damn, you didn't leave me with anything, did you?"

[2] No mention was made of the methamphetamine allegation until the punishment phase of trial. There the evidence showed a substance suspected of being methamphetamine was also found in the console compartment.

S.Ct. 2781, 61 L.Ed.2d 560 (1979) (legal sufficiency); *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006) (factual sufficiency).

To establish possession the State was required to prove appellant exercised control, management, or care over the substance while knowing it to be contraband. *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex.Crim.App. 2005); Tex. Health & Safety Code Ann. §§ 481.002(38) (defining possession), .115(a) (defining offense) (Vernon 2003 & Supp. 2006). Appellant concedes his statements at the hospital were evidence he was aware of the presence of drugs in his car. His argument is that the incriminating statements did not specifically show knowledge the substance was cocaine. Appellant offers no authority supporting his view that the State was obligated to prove appellant's knowledge of the specific controlled substance by direct evidence.

The evidence established the substance found was cocaine. It also showed appellant's knowledge that "drugs" were located in the vehicle of which he had exclusive control. From appellant's statements and evidence that cocaine was found in the specific location identified by appellant, a trier of fact could rationally find beyond a reasonable doubt appellant knew the nature of the substance under his control.[3] Moreover, the Court of Criminal Appeals has consistently described the knowledge element satisfied by proof "the accused knew the matter possessed was contraband." *See Evans v. State*, 202

---

[3] As noted, there was no evidence before the jury at the guilt or innocence stage of trial that a substance suspected to be methamphetamine was also found in the center console. Appellant makes no complaint based on the omission of that evidence in the first phase of the trial.

3

S.W.3d 158, 161 (Tex.Crim.App. 2005); *Poindexter*, 153 S.W.3d at 405. We overrule appellant's first point.

In his second point, appellant questions the factual sufficiency of the evidence that he exercised "care, custody, control or management" of the cocaine.[4] He argues his admission to police merely showed knowledge of the presence of the drugs and was factually insufficient to show his possession of them. As noted, appellant's unsolicited statements to police and the testimony of the officers also showed appellant's exclusive possession of the car where the cocaine was found.[5] Recognizing that a person may jointly possess property where contraband is found but not necessarily jointly possess the contraband, our courts apply the rule that "[w]hen the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Id.* at 406, quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981) (other internal citation omitted). The "links" requirement is designed to protect the

---

[4] As worded, appellant's second point of error asserts the trial court erred by failing to direct a verdict of not guilty. An appellate challenge to the denial of a motion for directed verdict is a challenge to the legal sufficiency of the evidence rather than its factual sufficiency. *Turner v. State*, 101 S.W.3d 750, 761 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd) (citing *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996)). Because most of appellant's argument on the point of error, however, addresses the factual sufficiency, we evaluate it on that basis. *See State v. Garland*, 963 S.W.2d 95, 101 (Tex.App.–Austin 1998, pet. denied) (reviewing court should consider a party's arguments supporting a point of error and not merely the wording of the point).

[5] The jury was not informed the car appellant was driving had been stolen until the punishment phase of trial.

4

innocent bystander from conviction merely because of his "fortuitous proximity to someone else's drugs." *Evans*, 202 S.W.3d at 161-62. Here, the evidence is that appellant was in exclusive possession of the vehicle in which the cocaine was found. The threshold condition requiring independent facts and circumstances linking appellant to the contraband, that of joint possession of the place at which it was found, therefore, is not present in this case.

Further, evidence of links present here included the location of the cocaine adjacent to the driver's seat. *See Evans*, 202 S.W.3d at 163 (court described cocaine less than a foot away from defendant as being "right under his nose"); *Deshong*, 625 S.W.2d at 329 (drugs located on floor by driver's seat). Appellant's statements to police were links to the contraband. *See Evans*, 202 S.W.3d 162 n.12 (listing possible links). Testimony that appellant appeared to be under the influence of drugs was another link supporting the jury's verdict. *Id.* Viewing the evidence in a neutral light, we cannot say the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. We overrule appellant's second point.

Appellant's third point assigns error to the trial court's denial of his motion for a mistrial based on the State's failure to disclose "discoverable evidence." Appellant's argument in support relies on a line of cases holding that due process requires the State to disclose exculpatory evidence. *See United States v. Bagley*, 473 U.S. 667, 677, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Harm v. State*, 183 S.W.3d 403, (Tex.Crim.App. 2006).

The evidence at issue was a dashboard camera recording from Deputy Johnson's patrol car. Johnson explained the camera begins recording when the emergency lights are activated. When the recording was mentioned at trial, appellant moved for a mistrial based on violation of his pretrial discovery motions. Johnson initially testified the recording was still available, but the relevant portion could not be located. Johnson described the recording as showing his trip to the location and then the road where he parked to go into the lake bed.[6] It did not contain audio of events where appellant's car was found and the only occurrence on the road during the recording was the arrival of an ambulance. Johnson had informed the prosecutor of the recording but did not preserve it because it did not show any of the events at issue.

To demonstrate reversible error from the State's failure to disclose exculpatory evidence a defendant must show 1) the State failed to disclose evidence, regardless of the prosecutor's good or bad faith; 2) the withheld evidence is favorable to the defendant; and 3) the withheld evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex.Crim.App. 2002). Here, however, the prosecution did not fail to disclose evidence, the evidence was simply not preserved.

None of the authority on which appellant relies addresses a circumstance in which evidence has been lost or destroyed. The U.S. Supreme Court has held the State's duty

---

[6] Appellant's brief erroneously states the recording showed the pursuit. The pursuit was conducted by Officer Williams, who did not have working recording equipment in his car.

to preserve evidence is limited to that which might be expected to play a significant role in the suspect's defense. *California v. Trombetta*, 467 U.S. 479, 488-89, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984). To meet that standard, the exculpatory value of the evidence must be apparent before its destruction and the evidence must be of a nature that the defendant would be unable to obtain comparable evidence by other means. *Id.* If, however, the evidence is merely potentially useful, the defendant must show the State was acting in bad faith when it failed to preserve the evidence. *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).[7]

Here the exculpatory nature of the video recording is not apparent. Appellant offers no explanation of how the recording was exculpatory. Nor does he point to anything to suggest failure to preserve the recording was the result of bad faith on the part of the State. We overrule appellant's third point and affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.

---

[7] The Waco Court of Appeals has applied a different standard, based on our state constitution. *Pena v. State*, ___ S.W.3d ___, 2007 WL 1289426, slip op. at 16 (Tex.App.–Waco May 2, 2007). This court has followed the *Arizona v. Youngblood* standard. *Alvarado v. State*, No. 07-06-0086-CR, 2006 WL 2860973 (Tex.App.–Amarillo, October 9, 2006, no pet.) (not designated for publication).