Regelio Collazo REYES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–95–00999–CV, 01–95–01000–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 31, 1996.

Isidro D. Cantu, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Asst. Dist. Atty., Houston, for appellee.

Before TAFT, COHEN and HEDGES, JJ.

## OPINION

TAFT, Justice.

Appellant, Regelio Collazo Reyes, was charged with possession of a prohibited short-barrel firearm (cause number 698873 and appeal number 01–95–00999–CR) and murder (cause number 9421928 and appeal number 01–95–01000–CR). The cases were tried together, and a jury found appellant guilty of both offenses. The trial court, finding enhancement allegations true,[1] sentenced appellant to confinement for 10 years for possession of a prohibited weapon and confinement for 28 years for murder. We ad-

---

1. Appellant pled true to the enhancement paragraphs, which alleged carrying a weapon on a liquor-licensed premises and aggravated assault.

dress whether a defendant, who voices satisfaction with the jury charge at trial, may challenge the charge on appeal. We affirm.

## Facts

The complainant, Elias Rodriguez Zorto, followed appellant home from a store. While Zorto stood outside appellant's house, appellant went inside, got his shotgun, loaded it, concealed it inside his pants, and went back outside. After a short altercation during which Zorto "poked" appellant with a knife, appellant walked away from Zorto, pulled out the shotgun, and approached Zorto again. Zorto put his hands up and took several steps back. Appellant got closer to Zorto and finally shot him once in the chest at pointblank range, killing him.[2]

## Murder

In the only point of error that attacks his murder conviction, appellant argues that the trial judge "erred fundamentally by not charging [the jury] on the right to arm oneself and seek an explanation of differences." The appellant neither requested an instruction on this issue nor objected to the lack of such an instruction. In fact, appellant's trial counsel told the judge: "The defense has read both charges and is satisfied with them."

Appellant contends that, because there was no request for the instruction and no objection to the lack thereof, we must perform the fundamental error analysis set forth in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984) (opinion on reh'g), to determine if the trial judge's omission of the instruction was egregious harm, and thus reversible error. We disagree. We perceive a difference between those situations in which the appellant did not request that an instruction be included in the charge or did not object to the omission of an instruction in the charge and situations where the appellant *affirmatively approves the charge as written*, telling the trial judge that he sanctions the charge. An appellant should not be able to affirmatively approve a judge's charge, perhaps for sound strategic reasons to which the

appellate court may never be privy, have it submitted to the jury, and then be able to attack the charge on appeal on the ground of fundamental error. We hold that appellant, by affirmatively endorsing the charge, voluntarily relinquished his right to complain on appeal that the judge erred in submitting the charge.

We decline to engage in a fundamental error analysis on these facts. We hold that the trial judge did not err in submitting a charge that appellant affirmatively approved.

We overrule the point of error relating to the murder conviction.

## Possession of a Prohibited Short-barrel Firearm

In the only point of error that attacks his conviction for possession of a prohibited short-barrel firearm, appellant argues that the trial judge "erred fundamentally ... by not charging the jury on the law of self defense." We overrule this point of error for the same reason that we overruled the previous one.

We affirm the trial court's judgments.

■■■■■■■■■■■■■■■■

---

**2.** In a written statement to a police officer, appellant admitted he shot Zorto and also stated, "I know what I did was wrong and I am responsi-

ble." The statement was admitted at trial and appellant testified that the statement was true.