**Jose Z. CEDILLO, Appellant,**

**V.**

**The STATE of Texas, State.**

**No. 2–99–264–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 26, 2000.

Publication Ordered Jan. 11, 2001.

Rehearing Overruled Jan. 11, 2001.

Dissenting and Concurring Opinion
On Rehearing Jan. 11, 2001.

Kearney & Westfall, Greg Westfall, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Section, Curtis Jenkins, Amy Collum, Michael G. Meyer, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is a drug case in which Appellant Jose Z. Cedillo does not challenge the sufficiency of the evidence. He was indicted for the offense of possession of a controlled substance with intent to deliver. In his first four points, Appellant contends that the trial court's jury instruction that "a person's mental state may be inferred from words spoken and acts done" and the instruction that refers to simple possession as a "lesser included offense" of intent to deliver are both impermissible comments on the weight of the evidence in violation of the Fourteenth Amendment to the United States Constitution and article 36.14 of the Texas Code of Criminal Procedure. U.S. CONST. AMEND. XIV; TEX.CODE CRIM. ,PROC.ANN. art. 36.14 (Vernon Supp.2000). Appellant contends in points five and six that the trial court abused its discretion by excluding from evidence Appellant's jail medical records that showed he has high blood pressure, chest pain, and angina. We will affirm.

### Jury Charge

A jury charge must set out the law without commenting on the weight of the evidence in the case. *See* TEX.CODE CRIM.PROC.ANN. art. 36.14. The charge did not highlight any specific set of facts in evidence. Appellant rested and closed and then told the court that, except for the lack of a lesser-included-offense instruction, he had no objection to the charge. The trial court granted Appellant's request for a lesser-included-offense charge and re-

cessed overnight. The next morning, Appellant reviewed the revised charge and answered, "None by the Defense," when asked for his objections. The State argues that Appellant thereby waived any objection to the charge and, thus, presents nothing for review. We agree. *See Ly v. State*, 943 S.W.2d 218, 221 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd); *Reyes v. State*, 934 S.W.2d 819, 820 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). Moreover, intent may be inferred by the trier of fact from an accused's acts, words, and conduct. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex.Crim.App.1991), *cert. denied*, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992).

The charge instructed the jury that "you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise the opinion of the Court to be.... The Court has not intended to express any opinion upon any matter of fact, and if you have observed anything which you may have interpreted as the Court's opinion as to any matter of fact, you must wholly disregard it." A jury is presumed to follow a court's instructions. *See Williams v. State*, 937 S.W.2d 479, 490 (Tex.Crim.App.1996). We find no evidence that the jury did otherwise.

Under points two and four, Appellant argues that the alleged impermissible comment on the weight of the evidence violated his right to due process under the Fourteenth Amendment to the United States Constitution. The jury was also instructed that if it did not find Appellant guilty of the offense of possession of a controlled substance with intent to deliver, then the jury was *"next* [to] consider whether he is guilty of the lesser included offense of possession of a controlled substance." [Emphasis added.] Because the jury convicted Appellant of possession with intent to deliver, we must presume the jury never reached the issue of the lesser offense of simple possession. Given all of the instructions contained in the charge,

we perceive no constitutional lack of due process. Points one through four are overruled.

### Exclusion of the Medical Record

The standard of review of a trial court's evidentiary rulings is abuse of discretion. *See Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App.1994). A trial court abuses its discretion when its ruling on the admissibility of evidence falls outside the zone within which reasonable persons might disagree. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). A ruling that is supported under any theory of law will be upheld. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

Appellant had more than one opportunity, both before and during the trial, to obtain medical records he thought were admissible. Two pieces of paper entitled "acute chest pain protocol" are dated December 1998, a month following the offense for which Appellant was indicted. The two are within a packet of over 70 pages. The trial judge was not required to investigate all of the pages to hunt for the two. *See Jones v. State*, 843 S.W.2d 487, 492 (Tex. Crim.App.1992), *cert. denied*, 507 U.S. 1035, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993). Additionally, a heart condition does not authorize Appellant to drive about the county carrying illegal drugs. We overrule points five and six.

### Conclusion

After carefully considering all six points, we have overruled each one. The trial court's judgment is affirmed.

RICHARDS, Justice, dissenting and concurring on rehearing.

On reflection, I believe the majority opinion is incorrect in holding that jury instruction error is waived when defense counsel states he or she has "no objection"

to the charge. *Almanza*[1] requires a defendant to climb the high hurdle of "egregious harm" in such cases, but the error itself is not considered waived. The court of criminal appeals has continued to use the *Almanza* test for unobjected-to error without ever stating that waiver by affirmative approval of the jury charge negates the need for egregious harm analysis on appeal. *See, e.g., Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996) ("Because appellant did not preserve the jury charge error, resolution of the instant case requires an egregious harm analysis."). The purpose of the egregious harm test for unobjected-to error is to ensure review of jury instruction errors not caught by defense counsel or the trial court at the time of trial. As a near-universal rule, the trial court always inquires whether the defense has any objections to the charge. *Almanza's* egregious harm test is used in those instances where counsel did not recognize the error and therefore failed to make an appropriate objection.

If the majority opinion stands, it is likely there will never again be a case decided in the Court of Appeals for the Second District of Texas in which *Almanza's* test for unobjected-to error is applied. Instead, those cases will simply be disposed of on grounds that "nothing is presented for review" because defense counsel either: (1) acquiesced to the error by responding "no objection" to the proposed instructions; or (2) lodged an objection to an unrelated portion of the instruction and then responded "no other objections." In essence, the *Almanza* test for unobjected-to error will be completely swallowed up by the rule announced in the majority decision.

To be clear, I do not disagree with the result the majority reaches—appellant's conviction and sentence, in my view, *should* be affirmed. I merely believe that we are required to consider the merits of appellant's claim of jury charge error under the simple and straight-forward standard set forth in *Almanza*. I therefore dissent to the majority's denial of appellant's motion for rehearing.

---

1. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim.App.1985) (op. on reh'g).