Maurice BLUITT, Appellant,

v.

The STATE of Texas, State.

No. 2–00–241–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 14, 2002.

Rehearing Overruled March 28, 2002.

---

The Kearney Law Firm, Wm. Reagan Wynn, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Charles M. Mallin, Assistant Criminal Dis-

trict Attorney and Chief of the Appellate Section; Donald J. Piller, Michael G. Meyer, Michele B. Hartmann, Assistant Criminal District Attorneys, Fort Worth, for appellee.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant Maurice Bluitt appeals from his conviction for indecency with a child by contact where a jury found him guilty and sentenced him to twenty years' confinement with a $5,000 fine. We reverse and remand for a new trial on punishment.

### Facts

Appellant was charged with one count of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp.2002). He pled not guilty and the case was tried to a jury that found him guilty.

During guilt-innocence, appellant testified on his own behalf denying he had inappropriately touched the injured party, who was his girlfriend's eight-year-old daughter. Appellant testified that he had disciplined her with an open hand and that she was angry with him for that.

At the guilt-innocence phase of the trial, the State introduced evidence of four prior convictions when it cross-examined him on: 1) a 1998 conviction for assault-bodily injury on a family member; 2) a 1992 conviction for assault-domestic violence out of Denver County, Colorado; 3) a 1993 conviction for assault-domestic violence out of Denver County, Colorado; and 4) a 1982 conviction for fraud out of Dallas County, Texas.

At the punishment phase of the trial, the State reoffered all the evidence presented at guilt-innocence. The State also presented evidence of appellant's prior criminal record and introduced three exhibits showing three different convictions. Exhibit four showed a conviction for kidnaping sexual assault and an assault in 1998 out of Araphahoe County, Colorado; exhibit five showed a conviction for sexual assault in 1987 out of Dallas County, Texas; and exhibit six showed a conviction for assault bodily injury, family member out of Tarrant County, Texas in 1998. The jury found appellant guilty and assessed his punishment at twenty years' confinement with a $5,000 fine. Appellant timely appealed.

### Issue Presented

In one issue appellant challenges his sentence claiming trial court error in failing to instruct the jury that it could consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that appellant committed those offenses. Appellant claims *Huizar v. State* requires this instruction and that he is entitled to a new punishment trial. 12 S.W.3d 479 (Tex.Crim.App.2000) (op. on reh'g). The State, however, argues that appellant has waived his right to complain on appeal about this error because his counsel affirmatively stated on the record he had no objections to the jury charge based on our opinion in *Cedillo v. State.* 33 S.W.3d 366 (Tex.App.-Fort Worth 2000, pet. ref'd).

### Discussion

■ Article 36.14 of the code of criminal procedure requires courts to instruct the jury on the law applicable to the case. TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2002). Article 37.07, section

3(a)(1) provides that extraneous offense evidence and evidence of bad acts are admissible at the punishment phase if they are shown beyond a reasonable doubt to have been committed by the defendant, regardless of prior conviction. *Id.* art. 37.07, § 3(a)(1). According to *Huizar*, the reasonable-doubt standard in article 37.07 is law applicable to the case in assessing the sentence. *Huizar*, 12 S.W.3d at 482. Disregarding a statutory provision is the type of omission that is not waived by failure to timely request or object by a party. *See generally Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (op. on reh'g) (discussing different standards of assessing charge error that apply depending upon whether or not error was subject to timely objection). Such omissions can be raised for the first time on appeal. *Id.* at 171–72.

However, we also know from *Posey v. State*, "neither 'harm' standard to jury charge 'error' set out in [a]rticle 36.19 as construed by *Almanza* applies unless the record first shows that any requirement of various statutory provisions referenced in [a]rticle 36.19 'has been disregarded'." 966 S.W.2d 57, 60 (Tex.Crim.App.1998). *Posey* tells us that a defendant may not complain for the first time on appeal about the omission of an unrequested defensive issue in the charge. *Id.* at 61. This is because it is not error to fail to include a defensive issue if that issue has not been requested. *Id.; see also* TEX.CODE CRIM. PROC. ANN. art. 36.14. A defensive issue is simply not "law applicable to the case" for purposes of article 36.14 unless the defendant timely requests the issue or objects to its omission from the jury charge. *Id.* at 62. Without error, there is no need to conduct a 36.19 or *Almanza* harm analysis. *Id.*

The State argues however, that appellant waived his right to complain on appeal about this statutory charge error because his counsel affirmatively stated on the record he had no objection to the jury charge. The State cites to our opinions in *Thomas v. State* and *Cedillo v. State* in support of its arguments. *Thomas v. State*, No. 2–00–050–CR, (Tex.App.-Fort Worth Feb. 8, 2001), *withdrawn*, 48 S.W.3d 373 (Tex. App.-Fort Worth 2001, pet. filed) (op. on reh'g);[1] *Cedillo*, 33 S.W.3d at 368.

In *Cedillo*, at the conclusion of the trial, the trial court specifically *granted* appellant's request for a *lesser included offense charge* and recessed over night. The next day, before submission to the jury, the court asked whether the appellant had any *further* objections to the revised charge and appellant responded, "None by the Defense," similarly to the present case. *Cedillo*, 33 S.W.3d at 367–68. On appeal, Cedillo complained that there were *other constitutional* defects in the charge of which he did not complain. Specifically, he contended the court's instruction that "a person's mental state may be inferred from words spoken and acts done" and the instruction that refers to simple possession as a "lesser included offense" of intent to deliver were both impermissible comments on the weight of the evidence. *Id.* at 367. On appeal he said these defects violated the Fourteenth Amendment to the Untied States Constitution and article 36.14 of the Texas Code of Criminal Procedure. *Id.* Because counsel did not assert these objections at trial and because counsel stated affirmatively he had no objections, we held the objections were waived on appeal. Al-

---

1. The *Thomas* opinion cited to by the State has been withdrawn, and an opinion on re-

hearing has been issued that does not support the State's position.

though we stated appellant had waived all jury charge error by affirmatively stating he had no objection, we still addressed his constitutional, due process challenges and concluded there was no charge error due to the other instructions given by the court. Because we held there was no charge error we did not apply *Almanza*'s egregious harm analysis. *Id.* at 368.

In light of *Huizar*, which was handed down after *Cedillo*, we know that failure to give the statutorily required punishment phase reasonable-doubt burden of proof instruction concerning extraneous offenses or bad acts evidence is jury charge error. *Huizar*, 12 S.W.3d at 484. Because of this charge error, we believe we should apply the article 36.19 and *Almanza* egregious harm analysis regardless of appellant's affirmative statement of "None." *See* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981); *Almanza*, 686 S.W.2d at 171–72; *see also Ellison v. State*, 51 S.W.3d 393, 396 (Tex.App.-Texarkana 2001, pet. granted) (holding trial court's failure to give reasonable-doubt instruction regarding extraneous offense *sua sponte* was error); *Allen v. State*, 47 S.W.3d 47, 49 (Tex.App.-Fort Worth 2001, pet. ref'd) (holding appellant's failure to object to the trial court's failure to include the 37.07(3)(a) reasonable-doubt instruction did not waive the error and is jury charge error reviewed under the *Almanza* egregious harm standard); *Brown v. State*, 45 S.W.3d 228, 230 (Tex.App.-Fort Worth 2001, pet. ref'd) (holding the failure to give a reasonable-doubt instruction regarding extraneous offense evidence should be reviewed under *Almanza* even if not requested by the defendant). Few courts have, however, addressed the particular issue presented here regarding an affirmative statement of "no objection."

The Houston First Court of Appeals has held a defendant can affirmatively waive a required instruction. *Coleman v. State*, 45 S.W.3d 175, 181–82 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd); *Ly v. State*, 943 S.W.2d 218, 220 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd); *Reyes v. State*, 934 S.W.2d 819, 820 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). In *Coleman*, the only case issued by the Houston First Court of Appeals subsequent to *Huizar*, the court never mentioned *Huizar* and said it, along with most other courts, "ha[s] consistently held, an affirmative statement of 'no objection' waives error." *Coleman*, 45 S.W.3d at 182. However, in *Coleman*, the Houston First Court of Appeals then cites only to its opinions, one Dallas court of appeals opinion issued pre-*Huizar* that limits its waiver holding to optional defensive issues, and a Houston Fourteenth Court of Appeals opinion, that has since been overruled. *Id.; McCray v. State*, 861 S.W.2d 405, 408–09 (Tex.App.-Dallas 1993, no pet.). Thus, we respectfully do not believe *Coleman* articulates the correct result in light of *Huizar*. *See Webber v. State*, 29 S.W.3d 226, 231–32 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (holding trial court committed both statutory and constitutional error by omitting an instruction on presumptions despite defendant's affirmative statement he had no objection).

■ We believe our sister court, the Houston Fourteenth Court of Appeals, has thoroughly and thoughtfully set forth the correct analysis regarding waiver of jury charge error by silence or by affirmatively approving the charge. *Id.* In *Webber*, that court clearly rejected the affirmative approval analysis of potential jury charge error. *Id.* at 232. The court concluded that allowing a defendant to affirmatively waive jury charge error was completely inconsistent with *Almanza*. *Id.* It read

*Almanza* as the court of criminal appeals' clear rejection of the "notion that all unobjected to error is waived." *Id.* The court also noted that the court of criminal appeals continues to apply *Almanza* and use the egregious harm test for unobjected to error without mentioning waiver by affirmative approval. *Id.* We agree with this analysis and believe there should be no distinction drawn between waiver by silence or by affirmative approval where there is jury charge error.

■ We, therefore, conclude and hold the *Almanza* egregious harm test is applicable to both unobjected to jury charge error and affirmatively waived jury charge error where the error complained of constitutes the "law applicable to the case." We believe this conclusion is dictated by the court of criminal appeals opinion in *Huizar*. To the limited extent *Cedillo* could be read as a universal, blanket rule applied to all affirmative waivers of jury charge error in conflict with this opinion, it is disapproved. Because the reasonable-doubt instruction on extraneous offenses is law applicable to the case, failure to give that instruction was jury charge error. We must now determine whether appellant was harmed.

## Egregious Harm Analysis

■ Under this analysis, we review the entire record to determine whether the harm was so egregious that appellant failed to receive a fair and impartial trial. *See Huizar,* 12 S.W.3d at 485; *Almanza,* 686 S.W.2d at 160. In making this determination, we must review the degree of harm in light of the entire jury charge, the state of the evidence, including contested evidence and the weight of probative evidence, the argument of counsel and any other relevant information the record shows. *Huizar,* 12 S.W.3d at 484; *Almanza,* 686 S.W.2d at 171; *Allen,* 47 S.W.3d at 49; *Brown,* 45 S.W.3d at 230. We are to attempt to review the actual harm as opposed to just the theoretical harm to the accused. *Brown,* 45 S.W.3d at 230.

■ Our review of the record discloses the following. During closing argument at punishment, the State specifically directed the jury's attention away from the facts of the case to the three exhibits showing extraneous offenses that were admitted at the punishment phase. Additionally, the prosecutor specifically asked the jury to consider these three offenses when assessing appellant's punishment. And in the last portion of the State's argument the other prosecutor reminded the jury of the other four offenses that had been introduced during the guilt-innocence phase of the trial stating that these additional offenses mandated that they impose the maximum sentence of twenty years, which they did. Because the prosecutors focused the jury on the extraneous offense evidence and the issue of guilt was hotly contested, yet the jury returned the maximum sentence, we conclude the failure to properly include the reasonable-doubt instruction was egregious and likely resulted in an unfair trial on punishment. *See Webber,* 29 S.W.3d at 232. We therefore reverse the judgment on punishment only and remand to the trial court for a new punishment hearing. *See* Tex.R.App. P. 44.2(b).

CAYCE, C.J.; DAY and HOLMAN, JJ. concur without opinion.