IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. 723-02






MAURICE BLUITT, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY






 JOHNSON, J., delivered the unanimous opinion of the Court.


O P I N I O N



 A jury convicted appellant of one count of indecency with a child by contact and sentenced him
to twenty years confinement, the maximum term, and a $5,000 fine. At the guilt-innocence phase of trial,
appellant testified and denied that he had inappropriately touched the alleged victim, who was his girlfriend's
eight-year-old daughter. Appellant also testified that he had disciplined her with an open hand and that she
had made the allegations because she was angry with him. The state, on cross-examination, introduced
evidence of four prior convictions: a 1998 conviction for assault with bodily injury on a family member; two
convictions, in 1992 and 1993, both for assault-domestic violence in Denver County, Colorado; and a
1982 conviction for fraud in Dallas County. During voir dire of appellant in the absence of the jury,
appellant admitted numerous other offenses, and state's exhibits 4, 5, and 6, concerning four of those
offenses, were offered and admitted into evidence without objection.

 At the punishment phase of trial, the state re-offered all of the evidence previously presented,
including state's exhibits 4, 5, and 6. Exhibit 4 showed a two-year misdemeanor probation for assault and
a four-year deferred adjudication for kidnapping/sexual assault in 1998 in Arapahoe County, Colorado. 
Exhibit 4A, included in the record on appeal, contains the terms and conditions for those probations. There
was nothing to indicate that either probation had been revoked or adjudicated. Exhibit 5 showed a deferred
adjudication for sexual assault in 1987 in Dallas County, Texas. Exhibit 5A, included in the record on
appeal, shows that appellant had discharged that deferred adjudication. Exhibit 6 showed a 1998
conviction for misdemeanor Class A assault on a family member in Tarrant County, Texas.

 On appeal, appellant claimed that, at punishment, the trial court erred in failing to instruct the jury
that it could consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that
appellant committed those offenses. The state argued that appellant had waived his right to complain of the
failure to instruct because his counsel affirmatively stated on the record that he had no objection to the jury
charge. The court of appeals reviewed the case law noted by the parties and then, citing Webber v. State,
29 S.W.3d 226 (Tex. App. - Houston [14th Dist.] 2000, pet. ref'd), held that no distinction should be
drawn between waiver by silence and waiver by an affirmative approval where there is jury-charge error. 
The court of appeals further held that the trial court's failure to include the required reasonable-doubt
instruction was error. Bluitt v. State, 70 S.W.3d 901, 906 (Tex. App. - Fort Worth 2002). The court of
appeals then reviewed the record for evidence of egregious harm. Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985).

 In making that determination, the court of appeals noted that Huizar v. State, 12 S.W.3d 479
(Tex. Crim. App. 2000)(op. on reh'g), and Almanza direct the courts of appeals to "review the degree of
harm in light of the entire jury charge, the state of the evidence, including contested evidence and the weight
of probative evidence, the argument of counsel and any other relevant information" shown by the record. 
Id.

 Based on its findings that: 1) during closing argument, the prosecutors focused on the extraneous-offense evidence; 2) the issue of guilt was hotly contested; and 3) the jury returned the maximum term of
imprisonment, the court of appeals concluded that "the failure to properly include the reasonable-doubt
instruction was egregious and likely resulted in an unfair trial on punishment." Id. The court of appeals then
reversed the judgment of the trial court and remanded for a new punishment hearing. While the language
of its opinion is somewhat unclear, the court of appeals clearly based its ruling on the effect of the failure
to include the instruction on reasonable doubt with regard to extraneous offenses. As set out in Huizar and
Almanza, the failure to instruct resulted in egregious harm if, because of the failure, appellant failed to
receive a fair and impartial trial. See Huizar, at 485; Almanza, at 160.

 The state raises three grounds for review: 1) the court of appeals erroneously held that the Code
of Criminal Procedure, art. 37.07, § 3(a)(1), requires a defendant's prior criminal convictions (as opposed
to other offenses or bad acts committed by the defendant) that are introduced into evidence at the
punishment phase to be proved beyond a reasonable doubt; 2) the court of appeals misapplied the standard
for egregious harm under Almanza; and 3) the court of appeals erroneously ruled that, even though
appellant affirmatively stated to the trial court that he had no objection to the jury charge, appellant was
nevertheless entitled to appellate review of the alleged charge error under Almanza.

 Preservation of Ability to Complain on Appeal


 In its third ground for review, the state argues that appellant waived his ability to complain on
appeal about the refused jury instruction because, when the trial court inquired if there were objections to
the proposed punishment jury instructions, appellant responded, "No." The issue here is the effect of an
affirmative denial of objection as opposed to failure to object.

 Our case law is clear that when there is jury-charge error, whether objected to or not objected to,
the standard for assessing harm is controlled by Almanza v. State, 686 S.W.2d 157 (Tex Crim. App.
1985). Although Almanza does not explicitly resolve the question of the effect of an affirmative statement
that there are no objections to the charge, it does speak to an "error in the charge [that] was the subject
of a timely objection in the trial court" and an error to which "no proper objection was made at trial." 
Almanza at 171. The possible consequences of error in the charge are thus limited to two and are
determined by whether timely objection was made in the trial court. An affirmative denial of objection is
clearly not a timely objection, so it must be governed by the rules for failure to object. We hold that an
affirmative denial of objection, as in this case, shall be deemed equivalent to a failure to object. An
appellant may raise such unobjected-to charge error on appeal, but may not obtain a reversal for such error
unless it resulted in egregious harm. The state's third ground for appeal is overruled.


 Failure to Give Requested Jury Instruction


 In its first ground for review, the state argues that the trial court did not err in failing to instruct the
jury that extraneous offenses must be proved beyond a reasonable doubt. Although the state raises this
issue for the first time, having conceded in the court of appeals that the instruction should have been given,
reviewing that issue is appropriate to our resolution of the cause before us; we cannot assess whether the
court of appeals properly applied the correct standard for harm from charge error until we have determined
whether there was error.

 Article 37.07, § 3, of the Code of Criminal Procedure provides that, after a finding of guilt,
evidence may be offered by either party as to any matter that the court deems relevant to sentencing,
including but not limited to: 1) the prior criminal record of the defendant; 2) the general reputation of the
defendant; 3) the character of the defendant; 4) an opinion regarding the reputation of the defendant; 5)
the circumstances of the offense on trial; and, 6) extraneous offenses and bad acts that are shown beyond
a reasonable doubt to have been committed by the defendant or for which he could be held criminally
responsible. The only types of evidence for which a burden of proof is articulated are unadjudicated
offenses and bad acts.

 Under our statutory construction standards, we are to use the plain language of the statute unless
the language is ambiguous or would produce absurd results. Boykin v. State, 818 S.W.2d 782 (Tex.
Crim. App. 1991). We do not find the language ambiguous. The criminal record of the defendant is not
grouped with extraneous offenses, and therefore we presume that the legislature did not intend to require
the same burden of proof that it attached to extraneous, unadjudicated offenses. While the prior
convictions must be properly proved, to require that prior convictions be re-proved beyond a reasonable
doubt would be an absurd result, as the very fact of conviction is evidence that the burden of proving guilt
beyond a reasonable doubt has already been met in a prior proceeding. The critical issue is that testing of
the proof. If an offense has been subject to such scrutiny and the burden of proof has been met, regardless
of whether the judicial proceeding concluded with a final conviction, it is part of a defendant's criminal
record, and Art. 37.03, § 3, does not require further proof of guilt beyond a reasonable doubt.

 In this case, the punishment-phase evidence of prior offenses committed by appellant included one
final conviction, a discharged deferred adjudication, and a probation and a second deferred adjudication
for which there was no evidence of revocation or adjudication. All of these offenses had been admitted
to by appellant during the guilt/innocence phase, thus identity was not an issue.

 In any final conviction, the evidence was subjected to judicial testing of guilt with a standard of
proof of beyond a reasonable doubt, and the burden of proof was met. In any probation, the defendant
has plead guilty or been found guilty by a judge or jury. In any deferred adjudication, the defendant has
plead guilty, and the court has found sufficient evidence to support a finding of guilty. In all these
circumstances, the burden of proof has been met. Thus, in all such cases no further proof of guilt is
required.

 The trial court did not err in refusing to give the requested instruction when, as here, all of the
evidence as to appellant's criminal behavior was in the form of prior offenses which had been subjected to
judicial testing under the proper burden and the burden had been met. Giving such an instruction is a
useless act if no unadjudicated offenses have been introduced. The state's first ground for review is
sustained.

 Because failure to give the instruction in this case was not error, no harm to appellant resulted from
the lack of such an instruction. We therefore do not reach the state's second ground for appeal, and it is
dismissed.

 The judgment of the court of appeals is reversed, and the cause is remanded for further
consideration in conformity with this opinion.


 Johnson, J.

Date Delivered: June 9, 2004

En banc

Publish