**Maurice BLUITT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–241–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 9, 2004.

---

Kearney Law Firm, Wm. Reagan Wynn, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Anne Swenson and David Curl, Asst. Crim. Dist. Attys., Fort Worth, for State.

## OPINION ON REMAND

TERRIE LIVINGSTON, Justice.

### Procedural Background

On original submission to this court, this court *en banc* reversed and remanded appellant Maurice Bluitt's sentence of twenty years' confinement and $5,000 fine, imposed by the jury for his conviction for indecency with a child by contact. Appellant raised one issue on appeal: did the trial court err when it failed to give a reasonable doubt instruction regarding the extraneous offenses after appellant's counsel specifically stated on the record that he had no objections to the charge. Based on the Texas Court of Criminal Appeals opinion in *Huizar v. State*, 12 S.W.3d 479 (Tex.Crim.App.2000) (op. on reh'g), we originally determined there was trial court error in the court's charge despite appellant's affirmative statement of "none" as to any further charge objections. *See Bluitt v. State*, 70 S.W.3d 901, 905 (Tex.App.-Fort Worth 2002), *rev'd*, 137 S.W.3d 51 (Tex. Crim.App.2004). We reversed and remanded for a new trial on punishment after conducting "the article 36.19 and *Almanza* egregious harm analysis." *Bluitt*, 70 S.W.3d at 905; *see also* Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. 1984) (op. on reh'g). The State petitioned the court of criminal appeals for discretionary review on three grounds:

1) the court of appeals erroneously held that the Code of Criminal Procedure, art. 37.07, § 3(a)(1), requires a defendant's prior criminal convictions (as opposed to other offenses or bad acts committed by the defendant) that are introduced into evidence at the punishment phase to be proved beyond a reasonable doubt; 2) the court of appeals misapplied the standard for egregious harm under *Almanza*; and 3) the court of appeals erroneously ruled that, even though appellant affirmatively stated to the trial court that he had no objection to the jury charge, appellant was nevertheless entitled to appellate review of the alleged charge error under *Almanza*.

*Bluitt*, 137 S.W.3d at 53.

First, the court of criminal appeals addressed the State's third ground regarding its claim that appellant had waived his right to object to jury charge error on appeal because he told the court that he

had no objections to the proposed punishment jury instructions. *Id.* The court repeated its well known case law that "when there is jury-charge error, whether objected to or not objected to, the standard for assessing harm is controlled by *Almanza.*" *Id.; see Almanza,* 686 S.W.2d at 171. The court reasoned that because there are only two possible consequences of error in the charge—two types of harm analysis—and both are determined by whether a timely objection has been made, an affirmative denial of objection, like the one in this case, must be treated like a failure to object. *Id.* The court continued, noting that an appellant may raise such unobjected-to charge error on appeal but may only obtain a reversal if the error resulted in egregious harm. *Id.* Thus, the court of criminal appeals agreed with our conclusion that appellant may challenge a jury charge omission on appeal even when the appellant had told the trial court that he had no further objections. *See id.* The court overruled the State's third ground and turned to the State's first ground for review: whether the trial court erred in failing to instruct the jury that extraneous offenses must be proved beyond a reasonable doubt.[1] *Id.* at 53–54.

In reviewing the first issue before it, the court of criminal appeals turned to article 37.07, section three, of the code of criminal procedure, which describes some of the types of evidence that the State may introduce at punishment: the defendant's prior criminal record, the defendant's general reputation, the defendant's character, an opinion of the defendant's reputation, the circumstances surrounding the subject offense and extraneous offenses, and bad acts that are shown beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3 (Vernon Supp. 2004–05). The court of criminal appeals presumed that since a defendant's criminal record was not grouped with the unadjudicated offenses and bad acts, the legislature must have intended different burdens of proof to attach to extraneous offenses as opposed to unadjudicated offenses and bad acts. *Bluitt,* 137 S.W.3d at 54. Because the court of criminal appeals concluded that a prior conviction is itself proof of a finding of guilt beyond a reasonable doubt (presuming proper prove-up), there is no justification for requiring another jury to make the same finding again. *Id.* Thus, the court concluded that "[g]iving such an instruction [would be] a useless act," sustained the State's first ground, and remanded the case to this court for further proceedings in conformity with their opinion and to presumably address this ground that the State had previously conceded. *Id.* We will first briefly review the facts of the case.

## Factual Summary

Appellant was charged with one count of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). He pled not guilty and the case was tried to a jury that found him guilty.

During guilt-innocence, appellant testified on his own behalf, denying he had inappropriately touched the injured party, who was his girlfriend's eight-year-old daughter. Appellant testified that he had disciplined her with an open hand and that she was angry with him for that.

At the guilt-innocence phase of the trial, the State introduced evidence of four prior

---

1. The court of criminal appeals also noted that this was the first time the State raised this issue *having conceded in the Second Court* of Appeals that the instruction was required and should have been given. *Id.* at 53–54.

convictions when it cross-examined him on: 1) a 1998 conviction for assault-bodily injury of a family member; 2) a 1992 conviction for assault-domestic violence out of Denver County, Colorado; 3) a 1993 conviction for assault-domestic violence out of Denver County, Colorado; and 4) a 1982 conviction for fraud out of Dallas County, Texas.

At the punishment phase of the trial, the State reoffered all the evidence presented at guilt-innocence. The State also presented evidence of appellant's prior criminal record and introduced three exhibits showing four different convictions and their dispositions. Exhibit four showed a conviction for kidnapping-sexual assault and an assault in 1998 out of Araphahoe County, Colorado; exhibit five showed a conviction for sexual assault in 1987 out of Dallas County, Texas; and exhibit six showed a conviction for assault bodily injury of a family member out of Tarrant County, Texas in 1998. The jury found appellant guilty and the trial court assessed his punishment at twenty years' confinement with a $5,000 fine.

### Issue on Remand

In one issue, appellant challenges his sentence claiming that the trial court erred in failing to instruct the jury that it could consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that appellant committed those offenses. And because the issue of waiver has been addressed on petition for discretionary review, the only issue now before us on remand is whether there was trial court error under these facts.

### Discussion

Because appellant complains about the trial court's failure to give a reasonable doubt instruction at punishment *as to extraneous offenses only,* we can only con-

clude that the trial court did not err, in light of the court of criminal appeals opinion in this same case. *See Bluitt,* 137 S.W.3d at 53. For this reason, we need not conduct a harm analysis and conclude that appellant's sole issue is overruled. Because the trial court did not err, we affirm the trial court's judgment.