COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-421-CR
  
  
JAMES 
THOMAS QUATTROCCHI                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
OPINION**
 
------------
        Appellant 
James Thomas Quattrocchi appeals his jury conviction on two counts of bodily 
injury to a child for injuring one of his sons whom he had disciplined for 
lying.  After the jury convicted appellant, the trial court sentenced him 
to ten years’ confinement in the Institutional Division of the Texas 
Department of Criminal Justice on both counts with the sentences to be served 
concurrently.  We affirm.
Background
        Appellant, 
a divorced father of two boys, had told his eleven-year-old son, the 
complainant, that if the complainant lied to him again, appellant would burn the 
complainant’s tongue.  One weekend, while both boys were visiting at 
appellant’s house and playing video games with a friend, the complainant 
called the friend “stupid.”  Appellant asked whether the complainant 
said that, but the complainant denied it.  Appellant told the complainant 
to go get a lighter.  When the complainant did so, appellant grabbed 
complainant’s tongue with a paper towel and held the lit lighter under his 
tongue for about six seconds.  After this, appellant also slapped 
complainant in the face about twenty times, causing complainant’s nose to 
bleed.  Appellant told both the boys not to tell anyone what 
happened.  The next day, however, the complainant told his mother what 
happened, and she took him to the hospital.
        Both 
boys testified to the same facts, and the medical evidence showed that 
complainant suffered from first-and-second degree burns under his tongue.  
Appellant also testified, claiming that the complainant’s lying had been a 
consistent problem for over a year and that he had threatened this punishment 
only to stop the lying and as a form of discipline. Appellant also testified 
that he had no intention of actually burning complainant’s tongue and that he 
did not burn it that day. He denied having held the flame under complainant’s 
tongue for as long as complainant said and denied that the flame came into 
contact with complainant’s tongue. Appellant also stated that he slapped 
complainant only three or four times and did not cause a nose bleed, only that 
he knocked complainant’s glasses off.
Points on Appeal
        Appellant’s 
points on appeal all relate to alleged charge error regarding his parental 
justification defense under section 9.61 of the Texas Penal Code. Tex. Penal Code Ann. § 9.61 (Vernon 
2003). He contends that the trial court erred in not applying the law on this 
defensive theory to the facts of the case; that the charge given was fatally 
confusing because the “initial words of the charge place the reasonable doubt 
burden on [him]”; and that the charge erroneously placed “the burden of 
proof on his defensive issue on appellant beyond a reasonable doubt, when that 
burden belonged on the State” as required by sections 2.03(d), 9.02, and 9.61 
of the penal code. Id. §§ 2.03(d), 9.02, 9.61.
        In 
order to appropriately address charge error issues, we must first determine 
whether there is error in the jury charge. Posey v. State, 966 S.W.2d 57, 
60 (Tex. 1998). To make this determination, we must decide whether this defense 
requires a special instruction and, if so, whether one was required under the 
facts of this case.
Parental Justification Defense Defined
        The 
parental justification defense of Texas Penal Code section 9.61 is available 
only in those cases in which a parent, or one properly acting as a parent, uses 
nondeadly force and "when and to the degree the [person] reasonably 
believes the force is necessary to discipline the child or to safeguard or 
promote his welfare." Tex. Penal 
Code Ann. § 9.61(a)(2); Prenger v. State, 108 S.W.3d 501, 506 
(Tex. App.—Houston [14th Dist.] 2003, pet. ref’d); see also Tex. Penal Code Ann. § 9.01. “The use 
of force under section 9.61 is not justified simply because of a parent’s 
subjective belief that the force is necessary; rather, the use of force is 
justified only if a reasonable person would have believed the force was 
necessary to discipline the child or to safeguard or promote the child’s 
welfare.” Assiter v. State, 58 S.W.3d 743, 748 (Tex. 
App.—Amarillo 2000, no pet.) (emphasis supplied). The “reasonable belief” 
standard is an objective standard. Id.; see also Tex. Penal Code Ann. § 1.07(a)(42) 
(Vernon Supp. 2004-05) (defining “reasonable belief” as that held by “an 
ordinary and prudent man in the same circumstances as the actor”).
Does the Parental Justification Defense Require a 
Special Instruction?
        The 
charge to the jury must set forth “the law applicable to the case.” Gray 
v. State, 152 S.W.3d 125, 127-28 (Tex. Crim. App. 2004). The primary source 
for this general directive can be found in article 36.14 of the code of criminal 
procedure, which requires courts to instruct the jury on the law applicable to 
the case. Tex. Code Crim. Proc. Ann. 
art. 36.14 (Vernon Supp. 2004-05); Huizar v. State, 12 S.W.3d 479, 483 
(Tex. Crim. App. 2000) (op. on reh’g); Bluitt v. State, 70 S.W.3d 901, 
903 (Tex. App.—Fort Worth 2002), rev’d on other grounds, 137 S.W.3d 
51 (Tex. Crim. App. 2004). Courts should also charge on every defensive issue 
raised by the evidence. Boget v. State, 74 S.W.3d 23, 31 (Tex. Crim. App. 
2002). When evidence raises a defensive issue and the defendant properly 
requests a jury charge on that issue, the court must submit that issue to the 
jury as well. Tex. Code Crim. Proc. Ann. 
art. 36.15; Mendoza v. State, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002).
        Additionally, 
sections 2.03(c) and 2.04(c) of the penal code require the court to charge on 
defenses and affirmative defenses if evidence of the defense is raised by the 
evidence. Tex. Penal Code Ann. 
§§ 2.03(c), 2.04(c). If it is simply a “defense,” then “the court shall 
charge that a reasonable doubt on the issue requires that the defendant be 
acquitted.” Id. § 2.03(d). If it is an “affirmative defense,” then 
“the court shall charge that the defendant must prove the affirmative defense 
by a preponderance of evidence.” Id. § 2.04(d).
        In 
Giesberg v. State, the court of criminal appeals determined that defenses 
that have been created by the legislature that tend either to totally exonerate 
a defendant or to excuse or justify a defendant’s conduct so that he is 
absolved of culpability, such as those identified in chapters eight (General 
Defenses to Criminal Responsibility) and Nine (Justifications for Criminal 
Conduct) of the penal code, require a special instruction. 984 S.W.2d 245, 
248-50 (Tex. Crim. App. 1998), cert. denied, 525 U.S. 1147 (1999); see 
also Ortiz v. State, 93 S.W.3d 79, 92 (Tex. Crim. App. 2002) (holding 
defensive instruction on suicide not required because it is not a 
statutorily-enumerated defense and serves merely to negate certain elements of 
the offense), cert. denied, 538 U.S. 998 (2003).  Thus, the court of 
criminal appeals concluded that only those defenses recognized by the 
legislature as either a defense or as an affirmative defense warrant a separate 
instruction.[1]  Giesberg, 984 S.W.2d at 
250.
        The 
parental justification defense of chapter nine is not considered an affirmative 
defense; it is a defense.  Assiter, 58 S.W.3d at 746 n.3.  
Because it is a statutory defense recognized by the legislature, an instruction 
is required if there is some evidence to support it.  See Huizar, 12 
S.W.3d at 483. Although on appeal the State contends that the evidence did not 
raise the defense, at trial the State conceded the propriety of giving a 9.61 
parental defense instruction.  Therefore, we assume the evidence 
sufficiently raised the defense.  We must now determine whether the trial 
court gave a proper instruction.
Was the Parental Justification Defense Properly Given?
        After 
the parties had both rested, the trial court asked whether either had any 
objections to the proposed charge.  Appellant objected and requested that 
the trial court add an instruction on the parental justification defense 
described in section 9.61 of the penal code to two places in the charge: right 
before the reasonable doubt instruction being given for both counts.[2]  The defense requested the following:
   
It is a defense to prosecution that the actor use[d] force, but not deadly 
force, against a child younger than 18 years of age.  The actor was the 
child’s parent, and the force used was to the degree which the actor 
reasonably believed the force was necessary to discipline the child or safeguard 
or promote the child’s welfare.
    
The 
trial court agreed, but the prosecution requested that the additional charge on 
the parental justification defense “track the statute as close as 
possible.”  Further, the prosecution asked the trial court to add 
definitions on “reasonable belief” and “serious bodily injury” from 
section 1.07 of the code and “deadly force” from section 9.01 of the 
code.  See Tex. Penal Code 
Ann. §§ 1.07(a)(42), (46), 9.01(3).  The trial court granted the 
State’s request also and directed both parties to coordinate with the court 
reporter to make the changes to the charge.  When court reconvened, the 
judge asked if both parties were ready and confirmed that the changes had been 
made.  Neither side raised any further objections, and the revised charge 
was read to the jury.
        The 
charge given the jury included a parental justification defense instruction 
along with definitions for “deadly force,” “serious bodily injury,” and 
“reasonable belief.”  While the charge included a parental 
justification defense instruction, it was not the same wording as requested by 
appellant. Instead of the language requested, the instruction stated,
  
The use of force, but not deadly force, against a child younger than 18 years is 
justified if the actor is the child’s parent or stepparent or is acting in 
loco parentis to the child and when and to the degree . . . the actor reasonably 
believes the force is necessary to discipline the child or to safe-guard or 
promote his welfare.
 
In 
”loco parentis” includes [a] grandparent and guardian, any person acting by, 
through, or under the direction of a court with jurisdiction over the child, and 
anyone who has express or implied consent of the parent or parents.
 
Unless 
you so find from the evidence beyond a reasonable doubt, or if you have a 
reasonable doubt thereof you will acquit the Defendant of the offense of Injury 
to a Child-Bodily Injury and say by your verdict “Not Guilty.”
    
        The 
preceding three paragraphs were included not once but twice, after each of the 
application paragraphs for the two counts—one count alleging bodily injury by 
burning the child’s tongue and the other count alleging injury by striking the 
child in the face with appellant’s hand.  These paragraphs included the 
language of the parental justification defense directly from the statute.  
Additionally, the definitions for deadly force, serious bodily injury, and 
reasonable belief were included in the preliminary abstract portion of the 
charge.  Thus, we conclude that the instruction was included in the two 
places requested by appellant, right before the last paragraph of each count. 
Moreover, we also note that the wording submitted by the trial court was 
virtually identical to that proposed by appellant.  Neither the language 
proposed by appellant nor the language submitted by the trial court included 
language “applying” the law to the facts of the case or language 
specifically placing the burden of proof on the State with regard to the 
defense.  In other words, appellant’s proposed instruction was also 
strictly definitional in nature; it did not include a proposed application of 
the law of the parental justification defense to the particular facts of this 
case, nor did it include separate instructions on who had the appropriate burden 
of proof.  And, significantly, appellant requested, or at least agreed, 
that the instruction be placed immediately before the final reasonable doubt 
paragraph of each count that included the general instruction on burden of 
proof.
        Despite 
the foregoing, appellant maintains that the charge was fatally confusing, that 
it placed the burden of proof for the defense on him, and that it failed to 
include a proper application paragraph.  We disagree for several reasons.
        First, 
the instruction was not fatally confusing.  The instruction was very simple 
and tracked the statutory language of the defense itself.  Further, 
elements of the defense, such as “deadly force” and “reasonable belief,” 
were clearly defined in the abstract portion of the charge.  We overrule 
appellant’s second point.
        Second, 
we do not believe that the instruction placed the burden of proof for the 
defense on appellant.  The burden of proof instruction for each count was 
in the very last paragraph and stated, “Unless you so find from the evidence 
beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will 
acquit the Defendant of the offense of Injury to a Child-Bodily Injury and say 
by your verdict ‘Not Guilty.’”  Moreover, the burden of proof 
instruction immediately followed the special instruction on the parental 
justification defense.  And nowhere in this language does the instruction 
move the burden of proof to the defense.[3]  
While the burden of production would remain with the defense, which is true for 
any defense or defensive theory, the burden of proof for the offense itself 
remains with the State under this charge.  We overrule appellant’s third 
point.
        Lastly, 
we do agree with appellant that the instruction on the defense was not 
completely “applied” to the facts of his case.  However, the 
instruction was placed immediately after both counts’ application paragraphs 
and before each reasonable doubt instruction.  Thus, the defense was 
clearly available as to each count.  Moreover, each instruction was 
substantially similar to the instruction requested by appellant, each 
instruction was inserted where requested by appellant, and appellant raised no 
further complaints or objections after both sides had worked on the charge.
        In 
situations like this, the court of criminal appeals has applied the “invited 
error rule” to claimed jury charge error.  See Turner v. State, 
87 S.W.3d 111, 117 (Tex. Crim. App. 2002), cert. denied, 538 U.S. 965 
(2003). “If the trial court submitted it [the jury instruction] at 
appellant’s request, then appellant invited any error and he cannot now be 
heard to complain.”  Id.; Prystash v. State, 3 S.W.3d 522, 
531 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000).  
This court has applied the invited error rule to jury charge error as 
well.  See Willeford v. State, 72 S.W.3d 820, 823 (Tex. App.—Fort 
Worth 2002, pet. ref’d).  We cannot see why this doctrine should not be 
applicable to all of appellant’s charge complaints and, in particular, to his 
complaint regarding the lack of a clear application paragraph for his parental 
justification defense.  Because of this, appellant may not now complain on 
appeal that the charge submitted by the trial court was erroneous.  We 
overrule appellant’s first point.
Conclusion
        Because 
we have overruled all of appellant’s points, we affirm the judgment of the 
trial court.
 
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    
 
  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DAUPHINOT, 
J. filed a concurring opinion.
 
PUBLISH
 
DELIVERED: 
July 28, 2005
  

 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-421-CR
  
  
JAMES 
THOMAS QUATTROCCHI                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I 
concur in the majority’s result but not its analysis, other than that 
regarding invited error.  The jury instruction is confusing and does shift 
the burden of proof to the defendant.  The express instruction essentially 
orders the jury to acquit the defendant unless the jury finds the 
parental defense from the evidence or has a reasonable doubt thereof.
        Reading 
the instruction as written leads to an absurd result, but this is the 
instruction that Appellant insisted upon, and it is incorporated into the jury 
charge exactly as he requested.  Appellant cannot now complain about error 
that he invited.[1]
  
   
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
  
 
PUBLISH
 
DELIVERED: 
JULY 28, 2005


 
NOTES
** MAJORITY OPINION BY JUSTICE 
LIVINGSTON; CONCURRENCE BY JUSTICE DAUPHINOT
        MAJORITY OPINION NOTES
1.  
The Texas Court of Criminal Appeals also instructs us in Giesberg that we 
should use the term “defense” only when referring to those defenses 
recognized by the legislature. Giesberg, 984 S.W.2d at 250. We will 
therefore refer to “defenses” and “affirmative defenses” as those 
recognized by the legislature and will use the terms ”defensive theory” or 
“defensive issue” to refer to those theories that are not so recognized and 
that generally only rebut an element of an offense.
2.  
Appellant asked that the parental justification instruction be placed in two 
different locations, but “the same thing” for each count. First, he asked it 
to be placed in the abstract portion of the charge before the general reasonable 
doubt instruction, and second, before the reasonable doubt instruction as to 
count two. However, he also states that it should be “the same thing,” which 
we interpret to mean before the reasonable doubt instruction as to each count as 
opposed to before the reasonable doubt instruction given in the abstract portion 
of the charge. This is the likely request because the final charge included the 
parental justification defense instruction before the reasonable doubt 
instruction given in connection with each count’s application paragraph. All 
the relevant definitions were included in the abstract portion of the charge. 
Our analysis is somewhat limited because the proposed charge, which apparently 
had numbered pages and paragraphs to which counsel refers in the charge 
conference, is not included in the appellate record.
3.  
We note that if the sentence were to be interpreted as appellant contends, that 
“unless you so find from the evidence beyond a reasonable doubt [that 
appellant’s use of nondeadly force was justified], . . . you will acquit,” 
the result would be absurd. If the charge erroneously places the burden of proof 
on appellant, it would read, “unless you so find from the evidence beyond a 
reasonable doubt [that appellant’s use of nondeadly force was justified], you 
will return a verdict of guilty.” The use of “unless” shows that the 
burden of proof remained on the State.
 
        CONCURRING OPINION NOTES
1. 
See Prystash v. State, 3 S.W.3d 522, 531-32 (Tex. Crim. App. 1999), cert. 
denied, 529 U.S. 1102 (2000).