Kris Rusty BOULDIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–02–00280–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 11, 2002.

From the 284th Judicial District Court, Montgomery County, Texas, Trial Court No. 96–08–01023–CR; Lee G. Alworth, Judge Presiding.[1]

Kaye Ellis Stone, Attorney At Law, Conroe, for Appellant.

Marc Brumberger, Asst. Dist. Atty., Conroe, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

**OPINION**

Opinion by: ALMA L. LÓPEZ, Justice.

Kris Rusty Bouldin ("Bouldin") appeals the trial court's judgment revoking his probation and sentencing him to two years confinement. The sole issue raised on appeal is whether the trial court erred in holding a "truncated" hearing on Bouldin's motion for new trial. Specifically, Bouldin contends that he should have been permitted to present additional evidence regarding whether his plea of true

---

1. The Honorable Lee Alworth presided over the revocation proceeding and signed the judgment revoking Bouldin's probation. The Honorable Olen Underwood signed the Judg- ment Nunc Pro Tunc correcting the amount of Bouldin's jail time credit and presided over the hearing on Bouldin's motion for new trial.

at the revocation hearing was involuntary. Bouldin asserts that his plea was involuntary because he was misled into rejecting an earlier plea bargain based on erroneous information regarding the amount of jail time credit to which he was entitled.

■ We review the trial court's denial of Bouldin's motion for new trial under an abuse of discretion standard. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). The right to a hearing on a motion for new trial is not an "absolute right." *Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993). A hearing is not required when the matters raised in the motion for new trial are subject to being determined from the record. *Id.* at 816. Therefore, in order to be entitled to a hearing on a motion for new trial, the motion for new trial must be accompanied by an affidavit supporting the assertion that the motion raises matters which are not determinable from the record. *Id.*

Even where a proper motion for new trial is filed, the current law is unclear whether a hearing is required on a motion for new trial filed after a revocation proceeding. A line of cases exists holding that a trial court is not required to consider a motion for new trial filed after a revocation proceeding because a jury is not involved in that proceeding. *See Barnett v. State*, 76 S.W.3d 739, 741 (Tex.App.-Waco 2002, pet. ref'd) (citing line of cases). This line of cases predates the Texas Court of Criminal Appeals' decision in *Reyes* that is cited above, and at least one court has questioned the continued validity of the line of cases where a motion for new trial filed after a revocation proceeding raises matters not determinable from the record. *See id.*

■ Assuming without deciding that Bouldin was entitled to a hearing on his motion for new trial, Bouldin did not object to the "truncated" nature of the hearing; therefore, his complaint is not preserved for our review. *See* TEX.R.APP. P. 33.1(a). In addition, the only ground stated in Bouldin's motion for new trial was that the "verdict" was not supported by the evidence; however, no evidence was presented at the revocation proceeding regarding a prior plea bargain offer or the proper amount of jail time credit Bouldin should be awarded. Finally, it appears from Bouldin's brief that he was misinformed regarding the amount of jail time credit to which he was entitled by a probation officer, not by the prosecutor. At the motion for new trial hearing, the prosecutor stated, "I wasn't calculating back time credit in the offer." Probation officers have no authority to bind the State in plea bargain negotiations. *Lanum v. State*, 952 S.W.2d 36, 40 (Tex.App.-San Antonio 1997, no pet.).

The trial court's judgment is affirmed.