OPINION



No. 04-03-00261-CR



Carlos GOMEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 248th Judicial District Court, Harris County, Texas


Trial Court No. 922885


Honorable Woody Denson, Judge Presiding



Opinion by: Paul W. Green, Justice

Concurring opinion by: Alma L. López, Chief Justice 


Sitting: Alma L. López, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: August 18, 2004 

 

AFFIRMED 

 Appellant Carlos Gomez was charged with the felony offense of aggravated robbery
to which he pled not guilty. Following a jury trial, he was convicted of the crime and
sentenced to twenty-five years' imprisonment. Gomez now appeals his conviction in two
issues.

Background 

 On August 31, 2002, appellant Carlos Gomez was charged with the felony offense of
aggravated robbery. A trial was conducted on Gomez's plea of not guilty. At trial, the State
presented evidence that Gomez and another individual had entered a 99¢ Store carrying
firearms. The two men made several individuals, including the owner of the store and
several patrons, lie on the ground. They then took money and personal items from the store
and from several of the people being held at gunpoint. Gomez was taken into custody by the
Houston Police Department while he was still in the store. Following the guilt/innocence
phase of the trial, the jury found Gomez guilty of the charged offense.

 During the punishment phase of the trial, the State introduced evidence showing
various extraneous offenses allegedly committed by Gomez, including two separate
aggravated robberies and an aggravated assault on his brother. On cross examination, the
victim of one of the robberies, a friend of Gomez's, admitted that he had not been in fear of
Gomez during the robbery in spite of the fact that Gomez was carrying a knife when he
demanded money. In addition, in response to the State's evidence, several of Gomez's
friends and family members testified on his behalf. He also testified in his own defense. At
the close of the evidence, the court sentenced Gomez to twenty-five years' imprisonment
based on a jury verdict. Gomez now appeals the trial court's ruling.



Jury Charge Error

 In his first issue, Gomez contends the trial court erred in failing to charge the jury
pursuant to Texas Code of Criminal Procedure article 37.07, section 3(a). This section of
the Code of Criminal Procedure prohibits a jury from considering evidence of uncharged
crimes during the punishment phase of a non-capital trial unless the jury first determines
beyond a reasonable doubt that the defendant committed the crimes. Tex. Code. Crim.
Proc. Ann. art. 37.07 §3(a)(1); Huizar v. State, 12 S.W.3d 479, 484-85 (Tex. Crim. App.
2000). If such extraneous evidence is presented during a trial's punishment phase, the Code
of Criminal Procedure mandates that the court instruct the jury not to consider the extraneous
offense evidence unless it finds beyond a reasonable doubt that the defendant committed the
offenses. Huizar, 12 S.W.3d at 484. This instruction is mandatory; its omission is error
even if the defendant does not request the instruction or object to its absence. Id. A trial
court's failure to give the instruction must be analyzed as jury charge error under the
Almanza standard. Id. at 484-85; Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985).

 Under Almanza, we review jury charge error based on whether the defendant
preserved the error at trial. Huizar v. State, 29 S.W.3d 249, 251 (Tex. App.--San Antonio
2000, pet. ref'd). If the defendant does not object to the omission, we apply an egregious
harm standard. Id. Under this standard, a reviewing court must review the entire record to
determine if the harm was so egregious that appellant failed to receive a fair and impartial
trial. See Huizar, 12 S.W.3d at 484-85.

 On appeal, Gomez argues that the egregious harm standard should be applied in the
case at hand because he did not object to the trial court's failure to include the article 37.07
instruction in the jury charge. The State, however, contends that Gomez has waived any
objection he might have to jury charge error because he affirmatively stated that he had no
objection to the trial court's charge. 

 Texas appellate courts are split when deciding the issue of whether an affirmative
approval of a jury charge results in waiver. There is some support for the proposition that
an affirmative statement by the appellant, approving the jury charge serves as a waiver. See
e.g., Turner v. State, 101 S.W.3d 750, 756 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd);
Reyes v. State, 934 S.W.2d 819, 820 (Tex. App.--Houston [1st Dist] 1997, pet. ref'd).
However, other courts have found even an approval of the charge to require further analysis
under the egregious harm standard, concluding that allowing a defendant to affirmatively
waive jury charge error is completely inconsistent with Almanza. See, e.g., Bluitt v. State,
70 S.W.3d 901, 905 (Tex. App.--Ft. Worth 2002, no pet.); Webber v. State, 29 S.W.3d 226,
232-33 (Tex. App.--Houston [14th Dist.] 2000, pet ref'd). 

 In the past, this Court has followed the reasoning of the latter group, finding a
defendant's approval of a jury charge to fail to constitute waiver. See Sierra v. State, 2003
WL 1973159 (Tex. App.--San Antonio 2003). We now affirm our earlier decision,
reiterating that there is no distinction between a defendant's affirmative approval of a jury
charge and his failure to object to a jury charge in terms of harm analysis. Therefore,
because of Gomez's express approval, we will analyze this charge under an egregious harm
standard.

 Egregious harm includes errors: (1) affecting the case's foundation; (2) denying the
defendant a valuable right; (3) significantly affecting a defensive theory; or (4) making the
case for guilt or punishment clearly and substantially more compelling. Hutch v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996); Saunders v. State, 817 S.W.2d 688, 692 (Tex.
Crim. App. 1991). Direct evidence is not required to establish such harm. Hutch, 922
S.W.2d at 171. In determining the degree of harm, we look to the entire jury charge, the
state of the evidence, the arguments of counsel, and any other relevant information from the
entire record. Id. To be entitled to a reversal, however, a defendant must show actual harm.
Dickey v. State, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999).

 After reviewing the record of Gomez's trial as a whole, we cannot conclude that he
was denied a fair and impartial trial. Although Gomez contends on appeal that the jury was
more likely to consider and give weight to his extraneous offenses absent the trial court's
instruction, he fails to deny his guilt or otherwise challenge any of the extraneous offenses.
Cf. Ellison v. State, 97 S.W.3d 698, 701(Tex. App.--Texarkana 2003, no pet.) In addition,
Gomez's sentence is well within the statutory range of punishment for an aggravated robbery
conviction. In spite of the State's request that the jury assess punishment at a minimum of
40 years and in spite of the statutory range of punishment of 5 to 99 years imprisonment and
up to a $10,000 fine, the jury chose to sentence Gomez to only 25 years in prison and
imposed no fine. Under these circumstances, we conclude that the court's failure to instruct
the jury regarding the State's burden of proof at the punishment stage did not cause Gomez
egregious harm and had little, if any, effect on the punishment assessed. See Tabor v. State,
88 S.W.3d 783, 788-89 (Tex. App.--Tyler 2002, no pet.); Huizar, 29 S.W.3d at 251. We
overrule Gomez's first issue.

Hearing on Motion for New Trial

 In his second issue, Gomez argues the trial court erred in failing to conduct a hearing
on his motion for new trial. Specifically, he contends he was entitled to a hearing because
his motion for new trial raised a matter not determinable from the record. We review a trial
court's denial of a hearing on a motion for new trial for abuse of discretion. State v.
Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993); Bouldin v. State, 100 S.W.3d 355,
356 (Tex. App.--San Antonio 2002, no pet.). The purpose of such a hearing is to allow a
defendant an opportunity to develop matters raised in his or her motion. Martinez v. State,
74 S.W.3d 19, 21 (Tex. Crim. App. 2002). However, the right to a hearing on a motion for
new trial is not absolute. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993);
Bouldin, 100 S.W.3d at 356. A trial court abuses its discretion in failing to conduct a hearing
only when a motion for new trial raises matters not determinable from the record. Reyes,
849 S.W.2d at 816. The motion must also be accompanied by an affidavit supporting the
assertion that the motion raises matters which are not determinable from the record. Id. The
affidavit may be from the accused or someone else specifically showing the truth of the
grounds of attack. Id.

 In his motion for new trial, Gomez raises two issues, the first relating to the lack of
jury instruction and the second complaining of ineffective assistance of counsel. On appeal,
Gomez argues that a hearing on his motion for new trial was necessary to fully develop the
latter argument. Specifically, Gomez contends that he spoke only Spanish, and his counsel
spoke only English, leading to a lack of communication which was detrimental to him at
trial. 

 Gomez attaches two affidavits to his motion. The first affidavit is from his appellate
attorney, stating that the facts contained in Gomez's motion are "true and correct to the best
of [her] knowledge." The second affidavit is from Gomez's mother, Ester Fajardo.
Fajardo's affidavit states that Gomez was born in El Salvador and came to the United States
at the age of fifteen. She also states that Gomez knows a few words in English but is in no
way fluent, that he cannot read or write in English, and that he is "unable to communicate
at all in English." In addition, Fajardo's affidavit states that neither she, her husband, nor
her other son, all of whom served as witnesses for Gomez, are able to speak English and that
Gomez's trial attorney failed to communicate with the family or with Gomez, himself,
regarding the case. There was no affidavit from Gomez or from Gomez's trial attorney
attached to the motion.

 At a hearing on a motion for new trial, the trial court may receive evidence by
affidavit or otherwise. Tex. R. App. P. 21.7; Gill v. State, 111 S.W.3d 211, 214 (Tex.
App.--Texarkana 2003, no pet.); Scaggs v. State, 18 S.W.3d 277, 281 (Tex. App.--Austin
2000, pet. ref'd). In the present case, the trial court failed to set the motion for an evidentiary
hearing, instead crossing out the applicable paragraph on the order and writing in "to be done
by affidavit." On appeal, the State contends that Gomez has waived his right to an
evidentiary hearing on his motion for new trial because he failed to request such a hearing
or to object when the trial court mandated the motion was to be done by affidavit. In order
to preserve error for appellate review, an appellant must make a timely objection, state the
grounds for the objection, and secure a ruling on the record from the trial court. Tex. R. App.
P. 33.1. Gomez, however, did not object to the trial court's decision not to hear oral
testimony. As a result, he has presented nothing for appellate review, and we overrule his
second issue. 

 The judgment of the trial court is affirmed.


 Paul W. Green, Justice


Do Not Publish