MEMORANDUM OPINION

No. 04-04-00614-CR

Jose Rodolfo JIMENEZ,
Appellant

v.

THE STATE OF TEXAS,
Appellee

From the 216th Judicial District Court, Kerr County, Texas 
Trial Court No. A 03-389
Honorable Stephen B. Ables, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   April 6, 2005

AFFIRMED

            Defendant, Jose Rodolfo Jimenez, entered an open plea of guilty to possession of a controlled
substance and was sentenced to sixteen years’ confinement. Defendant filed a motion for new trial,
which was denied by the trial court without a hearing. On appeal, defendant asserts the trial court
abused its discretion by refusing to hold a hearing on his motion for new trial because his motion
raised matters outside the record We affirm. 
PROCEDURAL AND FACTUAL BACKGROUND
            Defendant was arrested by a Kerrville police officer during a traffic stop on September 21,
2003. The officer stopped the vehicle in which defendant was a passenger, for having an expired
registration sticker. The officer asked defendant to exit the vehicle at which time the officer then
conducted a pat-down search of defendant. After the search yielded narcotics found in defendant’s
pocket, he was arrested and later charged by indictment with possession of a controlled substance
(cocaine), in an amount greater than four grams but less than 200 grams. Defendant pled guilty to
the charge and after a punishment hearing, was sentenced to sixteen years’ confinement. 
Defendant’s motion for new trial was timely filed and properly presented to the trial court. The
motion was verified by the defendant, but did not include any sworn affidavits. In his motion,
defendant asserted he received ineffective assistance of counsel for the following reasons:
1. His initial trial counsel did not investigate the reason for the traffic
stop. Had his counsel investigated this issue, he would have
discovered the arresting officer lacked reasonable suspicion to stop
the vehicle in which he was a passenger.
2. His initial trial counsel failed to file any pre-trial motions and to
pursue any discovery in the case or interview any of the witnesses. 
3. His subsequent counsel failed to develop any mitigating evidence
for the punishment hearing which led the Court to issue a harsher
sentence. 




HEARING ON MOTION FOR NEW TRIAL

            In his sole issue on appeal, defendant argues the trial court erred in failing to conduct a
hearing on his motion for new trial. Specifically, he contends he was entitled to a hearing because
his motion for new trial raised matters not determinable from the record. We review a trial court's
denial of a hearing on a motion for new trial for abuse of discretion. Martinez v. State, 74 S.W.3d
19, 21 (Tex. Crim. App. 2002); Bouldin v. State, 100 S.W.3d 355, 356 (Tex.App.—San Antonio
2002, no pet.). The purpose of such a hearing is to allow a defendant an opportunity to develop
matters raised in his or her motion. Martinez,74 S.W.3d at 21. However, the right to a hearing on
a motion for new trial is not absolute. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App.1993);
Bouldin, 100 S.W.3d at 356. A defendant is not entitled to a hearing on a motion for new trial unless
a sufficiently detailed, verified motion or accompanying affidavit raises matters not determinable
from the record upon which the accused could be entitled to relief. See Reyes, 849 S.W.2d at 816;
Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); Rodriguez v. State, 82 S.W.3d 1,
2 (Tex. App.—San Antonio 2001, pet. dism’d). The affidavit may be from the accused or someone
else specifically showing the truth of the grounds of attack. Rodriguez, 82 S.W.3d at 3. 
             In his motion for new trial, defendant first asserts he received ineffective assistance because
trial counsel failed to investigate the reason for the traffic stop. According to defendant, if he had
done so, he would have discovered the officer lacked reasonable suspicion to stop the vehicle. 
However, the record reveals defendant was a passenger in a vehicle stopped because it had an
expired registration. Defendant was also observed throwing an object out of the window. This
sequence of events was recorded on video. The record further reveals a large “baggie” of cocaine
was found in the area where the object was thrown. Because this information was determinable from
the record and the trial court could have concluded from the record that no reasonable grounds for
relief existed, the trial court did not abuse its discretion in refusing to hold a hearing on defendant’s
first ground for a new trial. Reyes, 849 S.W.2d at 816. 
             Defendant’s additional claims that his counsel failed to investigate facts, call witnesses, or
develop evidence that could have been exculpatory, are reasonable grounds for his ineffective
assistance claim.


 However, defendant’s motion is insufficiently detailed and is conclusory in nature. 
For example, defendant asserts his attorneys failed to file any pre-trial motions, pursue any
discovery, interview any witnesses, and develop any mitigating evidence for the punishment hearing. 
Defendant, however, failed to state which pre-trial motions should have been filed, or what the
witnesses would have said to exculpate him. Further, defendant fails to detail what specific
mitigating evidence was available that would have resulted in a lesser sentence.


 We hold the
motion for new trial was not sufficiently detailed to put the trial court on notice that reasonable
grounds existed to believe counsels’ representation may have been ineffective. Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994) (affidavit failing to state what witnesses would have stated
to exculpate defendant or what discovery evidence may have been was insufficiently detailed and
conclusory). Therefore, the trial court did not abuse its discretion in refusing to hold a hearing on
defendant’s second and third grounds for a new trial. 
CONCLUSION
            We overrule defendant’s issue on appeal and affirm the trial court’s judgment. 


 
Sandee Bryan Marion, Justice

DO NOT PUBLISH